IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| CARL W. BURT,<br><br>                    Plaintiff,<br><br>v.<br><br>MEDQUEST PHARMACY,<br><br>                    Defendant. | **ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br>Case No. 1:13-CV-00162<br><br>Judge Robert J. Shelby |

     This case has been referred to Magistrate Judge Furse pursuant to 28 U.S.C. § 626(b)(1)(B). Plaintiff Carl Burt brings suit under Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e *et seq.*, alleging discriminatory termination. (Dkt. 3.)[1] Defendant Medquest Pharmacy has moved for summary judgment, arguing Mr. Burt lacks standing to bring his complaint because he was not an employee of Medquest. (Dkt. 31.) In the alternative, Medquest argues Mr. Burt cannot establish a prima facie case of employment discrimination, and that even if he could, Medquest had legitimate, non-pretextual reasons for his termination. *Id.*

     Mr. Burt's deadline to reply to Medquest's motion was March 2, 2015, which passed without response. On April 1, Mr. Burt sought to extend this deadline to April 17. (Dkt. 36.) Judge Furse denied the motion, citing a lack of excusable neglect. (Dkt. 38.) Subsequently, Judge Furse issued a Report & Recommendation on April 3, 2015 (Dkt. 39), and recommended granting summary judgment.

---

[1] Defendant has raised the issue of whether Mr. Burt also asserts a hostile work environment claim. (Dkt. 31, p. 9.) The court finds that Mr. Burt has only brought a claim for unlawful termination. *See* Dkt. 3 (listing one "count," that "Defendant for discriminatory reasons terminated defendants' employment leading to injuries both personal and professional.").

Timely objections to a report and recommendation must be filed within 14 days of service. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72( b)(2).  Mr. Burt did not object during this period.  On April 14, however, he filed a response to the motion for summary judgment, seeking to have it "quashed." (Dkt. 40.)  Medquest has moved to strike this filing, arguing that because it lacks specific reference to the report and recommendation, it should be construed as a response to the underlying motion, and therefore deemed untimely. (Dkt. 41.)

The court **GRANTS** Medquest's motion to strike.  Mr. Burt did not receive an extension of time from Judge Furse, and he has not requested one from this court, either by separate motion or in the response itself.  In the absence of good cause or excusable neglect under Federal Rule of Civil Procedure 6(b)(1)(B), the court must strike an untimely response.[2]

Mr. Burt is proceeding in this litigation pro se.  Unrepresented parties face significant challenges, and the court is aware that it could construe the response as an objection.  *See generally Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (holding that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers").  Yet liberal construction of pro se *pleadings*, if carried over to all pro se *filings*, runs contrary to the underlying principles of our adversary system. *Castro v. United States*, 540 U.S. 375, 385-86 (2003) (Scalia, J., concurring in part and concurring in the judgment) (noting "the exceptional nature of recharacterization within an adversarial system," and arguing that the reasons for liberal construction of pro se pleadings do not extend to other types of pro se filings); *see United States v. Tucker*, 332 F. App'x 484, 486 (10th Cir. 2009) (citing the cautionary instruction of the *Castro* concurrence).

---

[2] Medquest has resubmitted all pending matters for decision, and thus incurs no prejudice from any opportunity lost to file a reply.  (Dkt. 42.)

Construing the response as an objection appears especially inappropriate in light of Mr. Burt's evident intentions. Mr. Burt titles his filing "Response to Request for Summary Judgment," does not reference the report and recommendation, and directs his argument toward the underlying motion. Dkt. 40; *see Castro*, 540 U.S. at 386 (observing that "[o]ur adversary system is designed around the premise that the parties know what is best for them, and are responsible for advancing the facts and arguments entitling them to relief."). The court will therefore treat his filing in the manner in which it was presented.

In the absence of any timely objection to the report and recommendation, we review the report and recommendation under a "clearly erroneous" standard. Thus, the court "will affirm the Magistrate Judge's ruling unless… left with the definite and firm conviction that a mistake has been committed." *Thompson v. Astrue*, 2010 WL 1944779, at *1 (D. Utah May 11, 2010) (internal quotation marks and citations omitted). After reviewing the briefing, record, and relevant legal authorities, the court concludes that Judge Furse did not err in her analysis.[3] The court therefore **ADOPTS** the Recommendation (Dkt. 39) and **GRANTS** Defendant's Motion for Summary Judgment. (Dkt. 31.) The Clerk of Court is directed to close the case.

SO ORDERED this 1st day of May, 2015.

BY THE COURT:

_____
ROBERT J. SHELBY
United States District Judge

---

[3] The court would reach the same conclusion even if the response were construed as an objection, and the Report and Recommendation was reviewed de novo as to any findings or conclusions specifically objected to by Mr. Burt. Fed. R. Civ. P. 72(b)(2)-(3). Mr. Burt's filing does not demonstrate good cause or excusable neglect for the failure to timely respond to the motion for summary judgment. He is therefore deemed to have admitted Medquest's statement of undisputed facts. *See* DUCivR 56-1(c)(3). Upon that record, Mr. Burt cannot show a genuine issue of material fact exists for trial. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587.